IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01683-LTB-MEH

TONYA BORWICK,

    Plaintiff,

v.

T-MOBILE WEST CORPORATION,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS
DUE TO DEFENDANT'S SPOLIATION OF EVIDENCE**
_____

    Before the Court is Plaintiff's Motion for Sanctions due to Spoliation of Evidence [filed August 3, 2012; docket #24]. The Motion has been referred to this Court for decision. (Docket #25.) The matter is fully briefed, including supplemental documents submitted by each party. For the reasons stated below, the Court **denies** the motion.

**I.**    **Background**

    In this lawsuit, Plaintiff contends that her job with Defendant was terminated on the basis of pregnancy discrimination. Defendant's explanation of the termination decision is that Plaintiff, who was a telephone customer service representative, inappropriately hung up on customers during service calls. At the time they were made, Defendant recorded the allegedly violating phone calls using its "i360 software." Later, Defendant transferred the recordings to a different format, a .wav file. Pursuant to its document destruction policy, the original i360 recordings were discarded after one year. During that one-year period (which ended January 27, 2012), this lawsuit was pending.

1

The scheduling order was entered on December 2, 2011. On that day, Plaintiff submitted discovery requests to the Defendant, including a request for "[c]opies of all recordings" that Defendant used in making its termination decision. Plaintiff did not request the recorded phone calls in native format. Later in the discovery period, Plaintiff determined that the calls were originally recorded using the i360, but by that time the original records were discarded.

Plaintiff contends that the original recordings are important because there are discrepancies in the documentation of the phone calls which demonstrate unexplained time "gaps" that could prove the Plaintiff did not intentionally hang up on customers. Moreover, Plaintiff contends that .wav files are easily manipulated, and strongly suggests that Defendant altered the phone calls to favor its theory and then destroyed the originals. Defendant denies this and raises several defenses, including Plaintiff's failure to confer under Local Rule 7.1(A), Plaintiff's dilatoriness in bringing this issue to the Court, Plaintiff's failure to ask for the recorded files in native format, and her lack of any prior objection to the production of the recordings in .wav files. Moreover, Defendant argues that there has been no spoliation, because all the material evidence has been preserved in its entirety (*i.e.*, the .wav files are an exact reproduction of the i360 recordings). Plaintiff asks for a sanction of judgment in her favor or, in the alternative, a negative inference at trial. Defendant seeks sanctions for Plaintiff's alleged abuse of the litigation process.

**II.   Discussion**

Federal courts have the inherent authority to impose sanctions for spoliation of evidence. *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997). Only the bad faith loss or destruction of evidence will support either a judgment in favor of Plaintiff or the kind of adverse inference that Plaintiff seeks, *i.e.*, that production of the original i360 recordings would have

been unfavorable to Defendant.  *Jordan F. Miller Corp. v. Mid-Continent Aircraft Servs.*, 139 F.3d 912 (Table), 1998 WL 68879 (10th Cir. Feb. 20, 1998) (citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997)).  "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu*, 112 F.3d at 1407.

The record does not establish bad faith.  First, the only evidence before me is that Defendant made true copies prior to discarding the i360 recordings.  Defendant adequately explains Plaintiff's alleged gap theory to overcome the suggestion that this was a "Rosemary Woods" incident.  Second, Plaintiff should have requested all recordings in native format.  Had she done so on December 2, 2011, Defendant would have been on notice to maintain the i360 files.  Third, the i360 files were discarded pursuant to an established document destruction policy.  This appears to be nothing more than a "routine, good-faith operation of an electronic information system."  Fed. R. Civ. P. 37(e). Although I believe that the best practice for Defendant would have been to maintain the i360 files, in these circumstances the failure to do so does not warrant a sanction.  I likewise find that Plaintiff is understandably (and justifiably) disturbed at the loss of original evidence and, therefore, has not abused the litigation process. However, her failure to confer alone is certainly grounds enough to deny the motion.  *See* D.C. Colo. LCivR 7.1A

**III.    Conclusion**

For the reasons stated above, Plaintiff's Motion for Sanctions is **denied.**

Dated this 11th day of September, 2012, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge